IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANUPAMA BEKKEM, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-22-891-R |
| | ) |
| DENIS RICHARD McDONOUGH, | ) |
| in his official capacity as Secretary of the | ) |
| Department of Veterans Affairs, and | ) |
| KRISTOPHER WADE VLOSICH, in his | ) |
| official capacity as Director of the | ) |
| Oklahoma City VA Health Care System | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Anupama Bekkem, M.D., a physician employed by the Oklahoma City Veterans Affairs Health Care System, brings this action, *pro se*, against the Secretary of the Department of Veterans Affairs ("VA") and Director of the Oklahoma City VA Health Care System.[1] She seeks a writ of mandamus ordering Defendants to perform a performance review pursuant to 38 U.S.C. § 7431(d) for Fiscal Year 2021—spanning October 1, 2020, to September 30, 2021—and, should the authorities conclude that Plaintiff is owed performance pay, to effectuate payment. (Doc. No. 1, at 5). Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 9). Plaintiff filed a Motion in Opposition (Doc. No. 10) construed as a Response, and Defendants replied (Doc. No. 11). For the reasons that follow, Defendants' Motion is GRANTED.

---

[1] Because Dr. Bekkem is a *pro se* litigant, the Court liberally construes her materials, but it does not act as her advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To hear a given case, a federal court must possess subject-matter jurisdiction. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) takes one of two forms: (1) a facial attack; or (2) a factual attack. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction," whereas, "[a] factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Id.* (citation omitted). Defendants' 12(b)(1) Motion takes the form of a facial attack because it assumes allegations in the Complaint are true and does not challenge the facts upon which subject-matter jurisdiction depends by offering evidence. *See Paper, Allied-Indus., Chem. And Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). Thus, the Court accepts the allegations in the Complaint as true. *Id.*

The Tucker Act confers jurisdiction over claims against the United States for money damages founded upon any Act of Congress or regulation of an executive department and waives the government's sovereign immunity for those claims. *United States v. Mitchell*, 463 U.S. 206, 216, 218 (1983) ("[T]here is simply no question that the Tucker Act provides the United States' consent to suit for claims founded upon statutes or regulations that create substantive rights to money damages."); *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997). The Act is encompassed in two statutes: (1) the United States Court of Federal Claims is given jurisdiction over all such claims against the United States in what is often referred to as the "Big Tucker Act," 28 U.S.C. § 1491; and (2) the district courts are given

concurrent jurisdiction over claims not exceeding $10,000 in amount by what is often called the "Little Tucker Act," 28 U.S.C. § 1346(a)(2). Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3657 (4th ed. 2023); *see also United States v. Hohri*, 482 U.S. 64, 66 n.1 (1987) ("Tucker Act claims for more than $10,000 can be brought only in the United States Claims Court. Claims for less than $10,000 generally can be brought either in a federal district court or in the United States Claims Court.").

Dr. Bekkem's claim is founded upon the Department of Veterans Affairs Health Care Personnel Enhancement Act of 2004 which provides that total pay for physicians in the Veterans Health Administration consists of three elements: (1) Base Pay; (2) Market Pay; and (3) Performance Pay. 38 U.S.C. § 7431(a). The third element—"performance pay"—is determined "on the basis of the physician's . . . achievement of specific goals and performance objectives prescribed by the Secretary." § 7431(d)(2).

> The amount of performance pay payable to a physician . . . in a fiscal year shall be determined in accordance with regulations prescribed by the Secretary, but may not exceed the lower of—(A) $15,000; or (B) the amount equal to 7.5 percent of the sum of the base pay and the market pay payable to such physician . . . in that fiscal year.

§ 7431(d)(5). Because Bekkem could be awarded performance pay exceeding $10,000 for Fiscal Year 2021 if given a performance review, Defendants argue that the Court lacks subject-matter jurisdiction pursuant to the Big Tucker Act.[2] (Doc. No. 9, at 9-10).

---

[2] Defendants do not dispute that Plaintiff's claim falls within the scope of the Tucker Act. Under the Tucker Act, a plaintiff's "claim must be one for money damages against the United States . . . and the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (citations and internal quotation marks omitted). Under 38 U.S.C. § 7431(d)(2),

3

The Tenth Circuit has "adopted the test that even if a complaint does not explicitly seek monetary relief, if the plaintiff's prime objective or essential purpose is to recover money (in an amount in excess of $10,000) from the federal government, then the Court of Federal Claims' exclusive jurisdiction is triggered." *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997) (internal quotation marks and citations omitted). "A plaintiff's prime objective or essential purpose is monetary unless the non-monetary relief sought has significant prospective effect or considerable value apart from the claim for monetary relief." *Id.* (internal quotation marks and citations omitted). While the non-monetary relief Bekkem seeks is in the form of a Court order directing Defendants to conduct a performance review for Fiscal Year 2021, a positive performance review would be of little value apart from the claim for performance pay. The Court, therefore, concludes that Bekkem's prime objective or essential purpose is monetary. Thus, whether the Court has jurisdiction to hear this case depends upon whether Bekkem seeks to recover an amount exceeding $10,000.

In the three performance periods preceding Fiscal Year 2021, Dr. Bekkem received "the full performance payment amount of $15,000." (Doc. No. 10, at 2). Additionally, she received $15,000 for the performance period following Fiscal Year 2021. (*Id.*). Although

---

"[p]erformance pay *shall be paid* to a physician . . . on the basis of the physician's . . . achievement of specific goals and performance objectives prescribed by the Secretary." (emphasis added). The Court finds that the government's payment obligation is stated in mandatory terms, placing it within the scope of money-mandating statutes enforceable under the Tucker Act. *See, e.g. Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1320 (2020) ("The first sign that the statute imposed an obligation is its mandatory language: 'shall.' Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement.").

4

she has not alleged a specific amount of damages, Bekkem seeks a Court order "direct[ing] the VA officials to request the VA payroll processor DFAS, to add any statutory interest on the delayed pay, that [she] may be entitled to" should the authorities conclude after conducting her performance review that she is owed performance pay. (Doc. No. 1, at 5). Bekkem does not limit the damages she seeks to $10,000 or less.

"Because the jurisdiction of federal courts is limited, there is a presumption against [federal] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (citation omitted); *see also Cortez v. E.E.O.C.*, 585 F. Supp. 2d 1273, 1288 (D.N.M. 2007) ("A plaintiff attempting to invoke the subject matter of the federal district courts bears the burden to establish his or her claim does not exceed the $10,000.00 jurisdictional limit established by the Little Tucker Act."); *Smith v. Orr*, 855 F.2d 1544, 1553 (Fed. Cir. 1988) (it is a "well-established principle that a plaintiff may pursue . . . a claim [against the United States] in a district court if the plaintiff waives his right to recover the amount exceeding $10,000"); *Saraco v. United States*, 61 F.3d 863, 864 (Fed. Cir. 1995) (explaining that a Tucker Act plaintiff who wishes to remain in the district court is usually granted an opportunity to amend her complaint to limit the damages sought to $10,000); *Moore v. Donley*, No. CIV-12-1003-HE, 2013 WL 3940898, at *2 (W.D. Okla. July 30, 2013) (granting motion to dismiss and transferring case to the United States Court of Federal Claims where plaintiffs did not waive their right to individually recover an amount exceeding $10,000). "If jurisdiction is challenged, the burden is on the party claiming

jurisdiction to show it by a preponderance of the evidence." *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003) (citation omitted).

Here, Dr. Bekkem has not asserted that her claim amounts to $10,000 or less, nor has she waived recovery of damages exceeding $10,000. In light of the presumption against federal jurisdiction and the absence of a waiver of recovery in excess of $10,000, Plaintiff has not demonstrated that this Court has jurisdiction over her claim under the Little Tucker Act's limited grant of concurrent jurisdiction. Accordingly, Defendants' Motion (Doc. No. 9) is GRANTED. Plaintiff shall file a motion for leave to amend her complaint to waive any monetary relief exceeding $10,000 on or before July 31, 2023. Should Plaintiff elect not to waive, her claim shall be transferred to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED** this 10th day of July 2023.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE